UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Oct 27  17 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| ELM HAVEN CONSTRUCTION LIMITED PARTNERSHIP | CIVIL ACTION NO. 3:01cv1307(GLG) |
| Plaintiff, | |
| VS. | |
| NERI CONSTRUCTION, LLC, ET AL. | |
| Defendants. | OCTOBER 27, 2003 |

## DEFENDANT, NERI CONSTRUCTION, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGEMENT PURSUANT TO RULE 54 (b)

Defendant, Neri Construction, LLC ("Neri") respectfully submits this memorandum of law in opposition to the requested entry of Rule 54(b) judgement.

### I. RELEVANT FACTUAL HISTORY

1. Defendant USF&G filed a motion for Summary Judgement on April 3, 2003 directed at all of the counts addressed to USF&G;

2. This court on August 25, 2003 granted USF&G's motion for Summary Judgement in its entirety;

3. On September 22, 2003 the Plaintiff filed a Notice of Appeal with regard to the Court's entry of Summary Judgement;

4. The Plaintiff, thereafter on October 7, 2003 filed its Motion for Entry of

Judgement pursuant to Fed. R. Civ. Pro. 54(b).

## II. LEGAL DISCUSSION AND CONCLUSION

Fed. R. Civ. Pro. 54(b) provides in part;

> When...multiple parties are involved, the Court may direct the entry of a final judgement as to one or more but fewer then all...parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgement.

In deciding a Rule 54(b) motion the Court must first determine that it is dealing with a "final judgement." Curtiss-Wright Corp v. General Electric Co., 446 U. S. 1, 7, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980). Neri agrees that this Court's ruling on the Summary Judgement constituted a "final judgement" on all of the claims against USF&G. This Court must also determine as part of its analysis whether there is any just reason for delay. Id at 8. And in doing so the Court should undertake such a determination with an aim towards fostering the federal policy against piecemeal appeals. Id at 8.

While it is within the Court's discretion to grant the Plaintiffs request, generally the Court should not grant such a request for Rule 54(b) judgement where an interrelationship exists between the dismissed and surviving claims. See e.g., Hogan v. Consolidated Rail Corporation, 961 F. 2d 1021, 1026 (1992). The Plaintiff's claims against USF&G are clearly interrelated with the surviving claims against Neri. A surety's liability is coextensive with that of its principal and the surety will only be liable in those instances where the principal is liable. Star Contracting Corp v. Manway Construction Co., 32

2

Conn. Supp. 64, 67, 331 A. 2d 669, 671 (1973). Thus, liability on the surviving claims against Neri would have to be established first in order to trigger any liability against USF&G on the claims already dismissed[1]. Id. At 66.

Accordingly to the extent that the Plaintiff does not meet its burden of proof on its surviving claims against Neri then there could not be any liability against USF&G on the already dismissed claims if these claims were reinstated by the way of appeal. Thus, any reinstatement of the dismissed claims by way of appeal could eventually prove to be moot. Moreover, assuming the Plaintiff does meet its burden of proof on the surviving claims, the surviving claims would still be subject to appeal by Neri. Thus, there could be the distinct possibility of piecemeal appeals in this matter if this Court were to grant Rule 54(b) relief now.

Plaintiff has not and cannot demonstrate any unusual hardship if it were to wait for a disposition of the surviving claims before obtaining appellate relief on the dismissed claims. Absent such an unusual hardship, and given the inseparability of the dismissed claims with the surviving claims, and the possibility of piecemeal appeals, this Court should deny the requested entry of Rule 54(b) judgement.

---

[1] Plaintiff correctly indicates that it could have asserted its claim against USF&G in a separate action. However, liability against USF&G's principal, Neri, would still need to be established in such a separate action before any liability could be determined against USF&G. It is also likely that to the extent there were actions pending separately against USF&G and Neri both matters would have been consolidated.

NERI CONSTRUCTION, LLC

By_____
JOHN J. O'BRIEN, JR., ESQ. (CT04856)
**MOLLER, PECK AND O'BRIEN, L.L.C.**
1010 Wethersfield Avenue, Suite 305
Hartford, Connecticut  06114

4

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record on this 27th day of October, 2003:

| | | |
|---|---|---|
| Jennifer A. Osowiecki, Esq. | David S. Doyle, Esq. | Dennis C. Cavanaugh, Esq. |
| Timothy Corey, Esq. | **The Marcus Law Firm** | Peter E. Stmiste, Jr., Esq. |
| **Pepe & Hazard, LLP** | 111 Whitney Avenue | **Halloran and Sage, LLP** |
| Goodwin Square | New Haven, Connecticut 06510 | 225 Asylum Street |
| Hartford, Connecticut 06103 | | Hartford, Connecticut 06103 |

_____
JOHN J. O'BRIEN, JR., ESQ.