FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
New Haven

NOV 7  2 11 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| ELM HAVEN CONSTRUCTION LIMITED PARTNERSHIP<br>Plaintiff,<br><br>V.<br><br>NERI CONSTRUCTION LLC, ET AL.<br>Defendants. | : <br>:<br>: CIVIL ACTION NO:<br>: 3:01 CV 1307 (GLG)<br>:<br>:<br>:<br>: NOVEMBER 6, 2003<br>: |

### PLAINTIFF'S REPLY TO
### NERI CONSTRUCTION, LLC'S
### MEMORANDUM OF LAW IN OPPOSITION TO
### MOTION FOR ENTRY OF JUDGMENT PURSUANT TO RULE 54(b)

Plaintiff, Elm Haven Construction Limited Partnership ("Elm Haven"), respectfully submits this reply to the memorandum of law, dated October 27, 2003, filed by Defendant Neri Construction, LLC ("Neri") in opposition to Elm Haven's request that judgment be entered with respect to this Court's decision granting the motion for summary judgment brought by Defendant United States Fidelity and Guaranty Company ("USF&G").

Entry of judgment on Elm Haven's claims against USF&G at this time is appropriate, and would avoid unnecessary delay to the full exercise of Elm Haven's legal rights, and the process by which those rights are pursued, with respect to USF&G – an entity with distinct and separate legal responsibilities and obligations that, notably, has *not* objected to Elm Haven's motion for the entry of judgment.

**ORAL ARGUMENT IS REQUESTED**

To sustain *Neri's* objection and delay entry of judgment on claims pertaining *solely to USF&G* because Neri might prevail at trial, or because Neri might appeal if Elm Haven is successful at trial, would allow Neri to interfere with Elm Haven's appeal rights where Neri would not have even had standing if Elm Haven had brought a separate suit against USF&G. Contrary to Neri's opposition, the standard is not whether Elm Haven can show "unusual hardship"; *see* Neri's Mem. Opp. at 3; but whether there is "no just reason for delay"; Fed. R. Civ. P. 54(b). *All* of Elm Haven's claims against USF&G have been disposed of by this Court's decision, and USF&G can play no active role in the litigation that remains pending before this Court. Under the circumstances, no just purpose can be served by delaying an appeal as between Elm Haven and USF&G.

WHEREFORE, Elm Haven respectfully requests that its motion for entry of judgment pursuant to Rule 54(b) be granted.

>PLAINTIFF,
>ELM HAVEN CONSTRUCTION
>LIMITED PARTNERSHIP
>
>By: _____
>Jennifer A. Osowiecki
>Federal Bar No. ct14646
>Pepe & Hazard LLP
>Goodwin Square
>Hartford, Connecticut 06103-4302
>Telephone (860) 522-5175
>Facsimile (860) 522-2796
>Email: josowiecki@pepehazard.com

2

## CERTIFICATION

THIS IS TO CERTIFY THAT a copy of the foregoing was mailed via first class mail, postage prepaid, this 6th day of November, 2003, to:

**COUNSEL FOR NERI CONSTRUCTION LLC:**

Attorney John J. O'Brien, Jr.
Moller, Peck and O'Brien, L.L.C.
1010 Wethersfield Avenue, Suite 305
Hartford, Connecticut 06114

Attorney Edward L. Marcus
Attorney David S. Doyle
Marcus Law Firm
111 Whitney Avenue
New Haven, Connecticut 06510

Attorney Edwin L. Doernberger
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, Connecticut 06517

**COUNSEL FOR UNITED STATES FIDELITY & GUARANTY COMPANY:**
Attorney Dennis C. Cavanaugh
Attorney Peter E. Strniste, Jr.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103

By_____
Jennifer A. Osowiecki