UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELM HAVEN CONSTRUCTION, L.P., : <br>     Plaintiff & Counterclaimed- : <br>     Defendant : | CIVIL NO. 3:01-CV-01307 (WIG) |
| v. : | |
| NERI CONSTRUCTION, LLC, : <br>     Defendant, Counterclaimant & : <br>     Third-Party Plaintiff : | |
| v. : | |
| AMERICAN CASUALTY COMPANY OF : <br> READING, PA., : <br>     Third-Party Defendant : | DECEMBER 27, 2007 |

**RESPONSE OF THE PLAINTIFF, ELM HAVEN CONSTRUCTION, L.P., AND THIRD-PARTY DEFENDANT, AMERICAN CASUALTY COMPANY OF READING, PA, TO NERI CONSTRUCTION'S MOTION TO AMEND JUDGMENT**

Pursuant to the Court's directive dated December 12, 2007, the Plaintiff, Elm Haven Construction, L.P. ("Elm Haven") and the Third-Party Defendant, American Casualty Company of Reading, PA ("American Casualty"), hereby respond to Neri Construction, LLC's ("Neri") Motion to Amend Judgment dated December 10, 2007.

I.  **The Judgment Should Not Be Amended To Reduce The Credit Due Elm Haven For The Ashmun Street North Work Because The Court Justifiably Relied Upon Evidence In The Record To Support Its Ruling That Elm Haven Is Entitled To A Credit Of $121,560 For This Work.**

Exhibit 627 is an exhibit introduced by Neri. Among many other things, Exhibit 627, contains a column entitled *"Neri Line Item bal.,"* which sets forth a value of $121,560 for the Ashmun Street North work that Neri did not perform. At trial, counsel for Neri did not cross-examine Mr. Ford about this number. As such, there is sufficient evidence to support the Court's determination that said sum is the appropriate credit for the nonperformance of this portion of Neri's contract. Simply because there is other evidence on the record concerning another dollar value for this work, i.e., the $99,455 sum referenced as part of Exhibit 376, this does not deprive the Court of the ability to decide that the appropriate credit sum is $121,560. This is especially the case given that Mr. Ford was not cross-examined concerning the difference between these two numbers. Accordingly, there is no basis for adjusting the net judgment as requested by Neri.

**II.    Regardless Of Whether Or Not Neri Recalls Consenting To The Deduction Of $14,885 For The Canal Street Sidewalk (East Side) Work, The Uncontradicted Evidence Is That This Work Was Not Performed And That The Value Was $14,885.**

The Court correctly determined that Neri did not perform the Canal Street sidewalk (east side) work and, as a result, Elm Haven was justifiably entitled to a credit of $14,885. Neri incorrectly states in its Motion to Amend Judgment that no evidence from Elm Haven was presented at trial or referenced in its post-trial submission concerning this item. To the contrary, evidence that this work was deleted from Neri's subcontract and that the appropriate credit due Elm Haven for this deletion was $14,885, is clearly set forth in Exhibit 376 (*see* line item 77). In addition, the $14,885 sum was, in fact, carried over and included in Elm Haven's Claims Grid that accompanied its Proposed Findings of Fact and Conclusions of Law. As such, there is clear evidence on the record that Elm Haven is entitled to a deduction of $14,885 for the deletion of this work.

Moreover, no evidence was presented by Neri that this work was performed or that the $14,885 sum is incorrect. Neri's reference in its Motion to Amend Judgment that Exhibit 668 "demonstrates that this work was not outstanding because it had been performed" does not support Neri's argument. Exhibit 668 does not, in any way, address the deletion of the sidewalk work on the *east side* of Canal Street. Rather, that

exhibit only addresses the cost for the Block G plan revisions and the credit for the Block D work. As set forth in Exhibit 7, Block D is located on the *west side* of Canal Street. The sidewalk work at issue, however, runs along the *east side* of Canal Street and has no relationship whatsoever to the Block D work.

Accordingly, clear evidence of the $14,885 sum is set forth in Exhibit 376, and this sum was referenced as part of Elm Haven's post-trial Claims Grid and Proposed Findings of Fact. This evidence, combined with Neri's failure to rebut or dispute it, justifies the Court's decision and should not be amended as requested by Neri.

WHERERFORE, and for all the reasons set forth above, the Court should deny Neri's Motion to Amend Judgment.

                                                    PLAINTIFF and THIRD-PARTY DEFENDANT:
                                                    ELM HAVEN CONSTRUCTION, L.P. and
                                                    AMERICAN CASUALTY COMPANY OF
                                                    READING, PA

By: /s/ Thomas G. Librizzi
      Thomas G. Librizzi
      Federal Bar No.: ct04647
      Pepe & Hazard LLP
      Goodwin Square
      225 Asylum Street
      Hartford, CT 06103-4302
      Telephone No.: (860) 241-2680
      Facsimile No.: (860) 522-2796
      tlibrizzi@pepehazard.com

## CERTIFICATION

I hereby certify that on December 27, 2007, a copy of the foregoing motion was mailed to all counsel of records as follows:

>John J. O'Brien, Jr.
>P.O. Box 290942
>Wethersfield, CT  06109

By: _____
Thomas G. Librizzi
Fed. Bar No. ct04647
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT  06103
Phone:  (860) 522-5175
Fax:  (860) 522-2796
E-mail:  tlibrizzi@pepehazard.com

5

FAS/29497/3/836862v1
12/27/07-HRT/