UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELM HAVEN CONSTRUCTION, L.P. | : CIVIL NO. 3:01cv01307 (WIG) |
|     Plaintiff/Counterclaim Defendant | : |
| VS. | : |
| NERI CONSTRUCTION, LLC | : |
|     Defendant/Counterclaim Plaintiff/<br>    Third-Party Plaintiff | : |
| VS. | : |
| AMERICAN CASUALTY COMPANY OF<br>READING, PA | : |
|     Third-Party Defendant | : JANUARY 2, 2008 |

**NERI CONSTRUCTION, LLC' RESPONSE AND OBJECTION
TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

I. **STANDARD**:

After eighteen (18) trial days over five (5) months, extensive post-trial briefs, a significant deliberative process and a lengthy reasoned decision, the Plaintiff wants to now argue anew and retry particular issues of the case. Well, apparently, the beef stew continues. And while the Plaintiff certainly has a right to file its Rule 59(e) Motion, it does not have the right to reargue and retry, through its motion, points and issues that were presented during the trial and decided by the Court in its decision. The Plaintiff can not, after reviewing the Court's lengthy

decision, and apparently being unsatisfied with the result, look to plug holes in its presentation and defense of the case by retrying issues through its 59(e) Motion. *United Technologies v. American Home Assur. Co.*, 118 F. Supp. 2d 181, 183-4 (D. Conn., 2000); *LoSacco v. City of Middletown*, 822 F. Supp. 870, 877 (D. Conn., 1993). Enough is enough. Having chosen how to present its evidence and how to cross examine witnesses, the Plaintiff does not now get the ability to have the proverbial second bite at the apple. The Court's judgment is sound and based on the evidence of the case. NERI CONSTRUCTION, LLC ("NERI") requests that the Court deny Plaintiff's Motion to Alter/Amend in its entirety.

II. **THE COURT'S CREDIT BASED UPON THE COST OF THE EMPIRE PAVING CONRACT IS THE APPROPRIATE CREDIT AND THE COURT'S DECISION ON THIS ISSUE MUST STAND**:

The October, 2000 Empire Paving issue was the subject of extensive testimony throughout the trial. John Ford testified about it on direct, cross and redirect (*Trial Transcript, June 6, 2005, pp. 147-163; Trial Transcript, June 10, 2005, pp. 133-139*). Vincent Neri testified about it on direct and cross (*Trial Transcript, June 15, 2005, pp. 179-187*). And finally, Kim Neri testified about it on direct (*Trial Transcript, September 13, 2005, pp. 176-184 and pp. 194-195*). The issue was further in evidence by way of the Empire Paving quotation and contract. (*Exhibit 635; Exhibit 76-A*). And despite all of this evidence, at no point did Plaintiff challenge in any regard the Empire Paving contract. It was clear to Plaintiff, during the trial that NERI pegged the appropriate credit on the amount of the Empire Paving contract and at no point during the trial did the Plaintiff challenge NERI on this credit. Plaintiff should not be allowed now to

present arguments that it had ample opportunity to present at numerous points throughout the trial. *See, United Technologies, 118 F. Supp. at 183-4*.

Plaintiff's Motion to Amend is equally flawed on the points of its argument. It is improper to measure damages based upon the quantities of work performed by Waters. Moreover, the Plaintiff's argument is also flawed in that it is looking to assess credits for work that was, despite Plaintiff's assertions, included in the Empire Paving contract. Finally, Plaintiff is also looking to charge work against NERI that NERI would not have been required to perform.

The Court has found that the Plaintiff breached the contract by having the work performed by Waters. Damages from such breach must be measured as of the time of the breach. *Marrou & Sipe Building & Contracting Corp. v. Flor*, 22 Conn. App. 689, 715 (1990). As such, damages must be measured as of October 6, 2000. As such, the proper measure of damages must be pegged at the Empire Paving contract price.

There is no correlation between the quantities performed by Waters and what might have been performed by Empire Paving. At the point that the Plaintiff took the work away from NERI, NERI no longer had any control over the quantities of work to be performed. The quantities of work that might have been performed by Empire Paving could have been less than its contract or might have been more. The Plaintiff should not, however, get to benefit from such speculation. There was ample unchallenged evidence in the record to support the Court's finding on this issue.

The Plaintiff also seeks to have the costs of driveways assessed against NERI on the theory that it was required work but not included in the Empire contract. It was included in the Empire contract, however. The quotation submitted by Empire included the cost of $4,779.00 to perform the driveway work *(Exhibit 76-A)*. The contract clearly states that "the proposal from Empire dated 8/2/2000 shall become part of this Agreement" *(Exhibit 635)*. Thus, by reason of this incorporation, Empire would have performed the driveways which work was included in Empire's contract price.

Plaintiff also argues that the work associated with providing a tack coat was required but not included in the Empire contract. In support of its position that it was included, Plaintiff quotes certain specification language. It is clear, however, from the Empire contract itself that Empire was required to perform its work in accordance with project specifications and thus would have provided the tack coat as part of its contract price *(Exhibit 635)*.

Finally, Plaintiff looks to have the cost associated with the leveling course provided by Waters assessed against NERI. This issue of a leveling course was the subject of testimony by Vincent Neri *(Trial Transcript, June 17, 2005, pp. 15-18)*. A release was executed by the Plaintiff which clearly indicated that any need to shim/level would be for the Plaintiff's account, not NERI's *(Exhibit 652)*. Thus, the Plaintiff can not look to assess this charge against NERI.

The credit included in the Court's judgment on this issue should stand. The credit must remain as determined by the Court. To allow the Plaintiff the opportunity to present arguments

against the credit now, when it had ample opportunity during the trial, would be improper. <u>See</u>, <u>United Technologies</u>, 118 F. Supp. at 183-4.

    III.    **<u>PLAINTIFF'S ATTEMPT TO RETRY THE PDF BACKCHARGE ISSUES MUST FAIL AND THE COURT'S DECISION ON THIS ISSUE MUST STAND</u>**:

Plaintiff chose how to present its case. Plaintiff chose how to present its damages. John Ford, in his testimony on damages, clearly included the value of all of the change orders in his ending contract value. (*Trial Transcript, June 8, 2005, pp. 193-215; Trial Transcript, June 8, 2005, p. 208*). One of these change orders was the infamous much contested, much tried Change Order 55, by which the Plaintiff looked to deduct for "work performed by others." In asking the Court to arrive at damages, John Ford testified that the Court should determine the ending contract value after factoring in all change orders and then make any cost to complete deductions. (*Trial Transcript, June 8, 2005, pp. 193-215*). Based upon how the Plaintiff presented its case and introduced its theory of damages, NERI defended.

Plaintiff looks to reduce the amount of the judgment by $36,526 claiming that this amount should not be included in the ending contract value which forms the underlying basis for the Court's decision. Yet, this very amount was included in the analysis presented by Mr. Ford. Plaintiff is clearly now looking to change its approach as to how the Court should calculate damages. It is entirely inappropriate for the Plaintiff to look now to assert a different method for the calculation of damages.

At the outset, it is important to note that the issue regarding the work associated with these handicap ramps, sidewalks and aprons was the subject of extensive testimony. John Ford testified on direct and cross examination. Vincent Neri testified on direct examination. At no point during any of this testimony did Plaintiff raise the issue that NERI did not complete this work and thus it should not be factored into the contract balance. Equally, if not more important, is the fact that at no point during his testimony regarding Exhibit 376 and the contract balance did Mr. Ford present any testimony to the affect that NERI should not be paid because it didn't complete the work *(Trial Transcript, June 8, 2005, pp. 193-215)*. Quite the contrary, Ford included it. Accordingly, NERI did not inquire as to these issues because the Plaintiff did not put it at issue. It is only now, after the judgment that the Plaintiff inappropriately wants to raise this issue and NERI no longer has the ability to contest the new claim.

While certainly if the issue had been raised by the Plaintiff during trial, NERI would have rebutted it significantly, there is already in the record, contrary to Plaintiff's assertion, that NERI performed the work which is the subject of Change Orders 16, 40 and 47 *(Trial Transcript, June 10, 2005, p. 49)*. These Change Orders reflected the added cost to perform the site concrete work at New Streets 3 & 4. Thus, to the extent the work was performed, it would have not only included Change Orders 16, 40 and 47, but also the contract line items for site concrete – New Streets 3 & 4.

Vincent Neri testified to NERI having performed this work. Mr. Ford testified to NERI having performed this work. There is evidence to the effect that PDF was making further

changes to the work that NERI had already performed. Plaintiff looks to deduct the full value of Change Order 40 and Change Order 47 when there is evidence that NERI performed the work associated with these change orders, and in the case of Change Order 40, PDF was making changes to the work associated with the handicap ramps and in the case of the new sidewalks, there is no evidence that PDF performed this work – why?, because NERI had performed it.

Contrary to Plaintiff's assertions that it is undisputed that work remained, there is evidence to support the fact that the work had been performed by NERI. For the Plaintiff to argue now that this work was not completed is not only improper but contrary to the evidence at trial. For the Plaintiff to be looking to have a credit assessed against NERI is contrary to how the Plaintiff introduced its damages.

To allow the Plaintiff the opportunity to present arguments, now that it had ample opportunity to present during the trial, would be improper. *See, United Technologies, 118 F. Supp. at 183-4.* Plaintiff's request to amend the judgment regarding the PDF work should be denied and the Court's judgment on this issue must stand.

    IV.    **THE COURT'S CREDIT FOR THE REMAINING WORK ON WEBSTER STREET AND ASHMUN STREET NORTH IS PROPER BASED UPON THE EVIDENCE IN THE RECORD AND MUST STAND**:

Much like its attempt to reargue the PDF issue, Plaintiff is attempting to reargue the amount of the credit for the completion of Webster Street and Ashmun Street North. Plaintiff chose not to cross examine on this issue. Plaintiff chose how to introduce its theory of damages. To allow

Plaintiff to reargue these points now would be improper. *See, United Technologies, 118 F. Supp. at 183-4.*

NERI introduced evidence of its cost to complete Webster Street and Ashmun Street North. The Plaintiff did not cross examine Mr. Simocini on the basis that his cost to complete was inaccurate because it did not credit for Change Order 204-28 (*Exhibit 276*) and Change Order 204-39 (*Exhibit 274*). If Plaintiff wanted to challenge on these issues, it should have done so during the trial.

It is equally inappropriate for the Plaintiff to argue these points now. Plaintiff clearly included as part of its damages analysis these change orders at full value. It asked the Court to assess damages on that basis. Allowing the Plaintiff to come back now after the fact and change how it wants damages calculated would be improper. There is clearly sufficient evidence in the record to substantiate the credit assessed in the Court's judgment.

To support its argument with regard to Change Order 204-28 (*Exhibit 276*), the Plaintiff wants the Court to adopt its position that the remaining value related only to Webster Street. It states "as of the spring of 2001, when Webster Street was given to Sweeney, all of the work on Foote Street . . . had been completed." Then, if that's the case, why did the Sweeney cost to complete include $40,159 for Foote Street (*See Exhibit 376, Back Up Summary, Page 2 of 2, Line Item 91).* Clearly there is a problem with the Plaintiff's factual basis for its request.

To support its argument with regard to Change Order 204-39 (*Exhibit 274*), the Plaintiff submits new evidence in the way of its math calculations. The fact that the submission of this

new evidence is inappropriate on its face, aside, there is an inherent problem with the Plaintiff's math. It appears that it assumes a street width of 30 ft. when the streets were reduced to 28 ft. Equally troubling with the Plaintiff's argument is the fact that it ignores that NERI had stockpiled this material on the site and there was material remaining for Sweeney to use.

The Plaintiff should not be allowed to reargue these issues. There is evidence in the record to support the Court's credit for the completion of Webster Street and Ashmun Street North. The Court's judgment must stand. To allow the Plaintiff to make new arguments when it had ample opportunity to make the arguments at trial would be improper. *See, United Technologies*, 118 F. Supp. at 183-4.

V. **THERE IS EVIDENCE IN THE RECORD TO SUSTAIN THE COURT'S DECISION ON THE EXTRA FOR THE MAIN ENTRANCE AT THE SENIOR BUILDING BLOCK AND THE COURT'S DECISION MUST STAND**:

The Plaintiff wants the "Nightmare on Webster Street" to continue, claiming that NERI should not be awarded this extra. NERI submitted ample evidence to support its requested payment on this issue. Vincent Neri testified to the issue *(Trial Transcript, June 15, 2005, pp. 112-121)*. NERI submitted documents to support its cost of this issue *(Exhibit 612)*. Plaintiff apparently chose not to cross-examine on this issue. It is incumbent on the Plaintiff to challenge NERI's evidence and not on NERI to challenge its own evidence. NERI met its burden of proof and Plaintiff is not now entitled to challenge NERI's evidence when it had ample opportunity to do so during trial. The Court's reasoned judgment on this issue must stand.

VI. **CONCLUSION**:

Plaintiff should not be afforded the right to retry and reargue its case after the Judgment. The Court's judgment is sound and based on the evidence as it went in during trial. Plaintiff's Motion to Amend/Alter must be denied in its entirety.

DEFENDANT AND COUNTERCLAIM PLAINTIFF,
NERI CONSTRUCTION, LLC

By_____
JOHN J. O'BRIEN, JR., ESQ. (ct04856)
Post Office Box 290942
Wethersfield, Connecticut 06129-0942
Telephone: (860) 563-5500
Facsimile: (860) 563-5520
Email: jobrien@cttrustcounsel.com

**CERTIFICATION**

I hereby certify that on this 2nd day of January, 2008, a copy of the foregoing was mailed, postage prepaid, to the following counsel of record:

Thomas G. Librizzi, Esq.
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103-4302

_____
JOHN J. O'BRIEN, JR., ESQ.