**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ELM HAVEN CONSTRUCTION, L.P., | : | CIVIL NO. 3:01-CV-01307 (WIG) |
|     Plaintiff & Counterclaimed-Defendant | : | |
| | : | |
| v. | : | |
| | : | |
| NERI CONSTRUCTION, LLC, | : | |
|     Defendant, Counterclaimant & Third-Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN CASUALTY COMPANY OF READING, PA., | : | |
|     Third-Party Defendant | : | JANUARY 14, 2008 |

**REPLY OF THE PLAINTIFF, ELM HAVEN CONSTRUCTION, L.P., AND THIRD-PARTY DEFENDANT, AMERICAN CASUALTY COMPANY OF READING, PA, TO NERI CONSTRUCTION'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

**I.    The Fine Grading And Paving Backcharge**

In finding that Elm Haven was allowed to back charge Neri for the fine grading and paving work at issue, the Court determined that the back charge should be limited to the amount that Neri <u>would have paid Empire</u> (see Court's Decision, p. 63, ¶ 99), not the <u>estimated</u> amount Neri would have paid Empire. Elm Haven put into evidence the scope of work that was performed by Waters Construction and the price that Elm Haven

paid Waters Construction. However, Neri put into evidence only the unit prices that it agreed to pay Empire based on <u>estimated</u> quantities. Accordingly, in order to determine the proper back charge based upon the Court's "how much Neri would have paid Empire" rationale, the Court must apply Empire's unit prices to the <u>actual</u> quantities of work that were performed. To rule otherwise, would constitute injustice to Elm Haven and unjustly enrich Neri.

Contrary to the arguments made by Neri in its response to Elm Haven's motion, there was no need for Elm Haven to "challenge" the Empire Paving contract. Rather, Empire Paving's contract is what it is, i.e., a unit price contract based on <u>estimated</u> quantities. Elm Haven certainly did challenge Neri on the credit Neri offered for this work as evidenced by Elm Haven's position that the credit should be the amount that Elm Haven paid to Waters Construction. At no point did Elm Haven ever agree to the credit offered by Neri.

Neri's cite to *Marron & Sipe Building & Contracting Corp. v. Flor*, 22 Conn. App. 689, 715 (1990), does not stand for the proposition that the Court must blindly ignore the factual reality as to the work that was actually performed in determining the proper back charge to be assessed against Neri. The *Marron* case involved a claim for defective machinery that was installed in 1985, and the Court excluded evidence of repair costs that were incurred in 1987 based upon an inspection of the machinery that also took

2

place in 1987. The Court excluded the evidence because it was irrelevant to the condition of the machinery at issue when it was installed in 1985, which was when the contract was breached. In the case at bar, evidence was presented as to the scope of the fine grading and paving work that was performed in the fall of 2001 that Neri was obligated to perform, and would have performed in 2001. The proper measure of a back charge for failing to complete work on a construction project is the cost of completion. *Brookfield v. Greenridge, Inc.*, 177 Conn. 527, 537 (1979).

As to Neri's argument that it "might" not have performed the quantities that were performed by Waters, Neri never challenged the scope of work, i.e., the quantities of work, actually performed by Waters as some how being outside the scope of Neri's obligations. This evidence was unchallenged by Neri; therefore, it cannot now argue that it would have challenged those quantities had it been directed to perform that work in the fall of 2001.

Neri's argument concerning the assessment for the cost of the driveways actually supports Elm Haven's position. The fact that Empire's price for the driveways was included as part of the quotation document submitted by Empire (Exhibit 76-A), which specific price was not included in the contract document (Exhibit 635), confirms that it was improper for the Court to merely rely upon the "estimated" contract amount set forth on Exhibit 635. Indeed, the driveway unit price contained in the quote from

3

Empire (Exhibit 76-A) must be taken into consideration in relation to the actual driveway work that was necessary for this project, which was performed by Waters. As such, Neri should be back charged for the cost of the driveway work, or $13,917.40.

With respect to the tack coat, this is a very specific item of work that is simply not referenced as part of the work items that Empire Paving agreed to perform as set forth in either the contract document (Exhibit 635) or the quotation (Exhibit 76-A). The Empire contract provided that only the work described in the contract and quotation was to be performed in accordance with the specifications, not some other unreferenced work.

Lastly, with respect to the leveling course, the need for that work was as a result of the binder work performed by Neri not having a proper crown so that water would shed from the center of the roadway to the curb line. (*See* John Ford testimony, June 7, 2005, pp. 92-93). Accordingly, the need for this work has nothing to do with whether there were any "soft/yielding areas which may require remediation", which was the subject of the so-called "release" referred to by Neri in its response (Ex. 652).

## II.   Reducing Neri's Base Contract Recovery By $36,526 For Contract Work That Neri Did Not Perform

Notwithstanding Neri's arguments in its response to this portion of Elm Haven's motion, the fact of the matter is that Elm Haven did, indeed, raise the issue that Neri did

4

not perform any of the work that was set forth in PDF's invoice. The Court, however, rejected the PDF charges on the grounds that the handicap ramp work was a design change. However, as the evidence showed and as set forth in Elm Haven's motion, PDF's charges were not limited to just the handicap ramps. Rather, PDF's invoice covered other concrete items that had nothing to do with the handicap ramps. The other concrete related items are discussed in Elm Haven's motion and total $36,526. Once the Court determined that the handicap ramps were beyond Neri's scope of work, it mistakenly assumed that all of the PDF charges pertained to the handicap ramps. Rather, a proper analysis of the evidence must ensure that Neri is not paid for work that it did not perform. All of the evidence necessary to perform this analysis was available to the Court as set forth in Elm Haven's motion. This particular fall back argument (based upon the facts that are part of the record) was not included in Elm Haven's proposed findings of fact because it was impossible for Elm Haven to predict what the Court would not accept with respect to Elm Haven's primary position on these issues. As such, it was simply impossible for Elm Haven to articulate fall back arguments based on the evidence.

### III. The Appropriate Credit For The Remaining Contract Work on Webster Street and Ashmun Street North

The Court rejected Elm Haven's position that it should be entitled to a credit in the amount that it actually paid Sweeney Excavation for this work. Elm Haven is not

5

attempting to reargue the amount of the credit it sought for Neri not completing the Webster Street and Ashmun Street North work. Rather, Elm Haven is simply pointing the Court to the evidence of what the proper credit should be based on the amount that Elm Haven would have paid Neri to complete this work. In reaching its decision, the Court relied upon Elm Haven's Exhibit 376 to arrive at a credit of $168,268 for Webster Street and $121,560 for Ashmun North. All that Elm Haven is pointing out to the Court now is that there are other line items in Exhibit 376 that need to be taken into consideration.

As with the other issues that are the subject of Elm Haven's motion, it was impossible for Elm Haven to predict which of its positions would not be accepted by the Court and to present fall back arguments based upon the evidence as part of the proposed findings of fact. Elm Haven is not seeking to introduce new evidence. Rather, it is simply pointing the Court to the existing evidence that should be taken into consideration in order to avoid unjust enrichment to Neri and injustice to Elm Haven.

**IV.  The Main Entrance To The Senior Building In Block G2**

Neri and its counsel are very clever and cute with their "nightmare on Webster Street" phraseology, but the only true "nightmare" will be if this Court allows Neri to be paid for base contract work that it simply did not perform. The Court would impose a grave injustice upon Elm Haven, and bestow an unwarranted windfall to Neri, if Elm

6

Haven is not given a credit for the value for the base contract scope of work that Neri admittedly did not perform. It is Neri's burden of proof, not Elm Haven's, to prove the value of any extra work claim it seeks on this project. Neri failed to satisfy that burden when it failed to offer any credit for the base contract driveway entrance work that it did not perform. Because Neri offered <u>no</u> evidence for the credit that should be provided, it was not incumbent upon Elm Haven to cross-examine Neri on that issue. Accordingly, Neri should not be allowed to recover $23,232 for so-called "extra work" without having presented any evidence as to the credit that should be deducted from this amount for the base contract work it admittedly did not perform.

### V.     Conclusion

For all of the reasons stated in this reply brief, as well as those set forth in Elm Haven's original motion, Neri's damages award should be reduced by a total sum of $114,661.18, with appropriate adjustments concerning the prejudgment interest calculations.

PLAINTIFF and THIRD-PARTY DEFENDANT:

ELM HAVEN CONSTRUCTION, L.P. and
AMERICAN CASUALTY COMPANY OF
READING, PA

By: _____
      Thomas G. Librizzi
      Federal Bar No.: ct04647
      Pepe & Hazard LLP
      Goodwin Square
      225 Asylum Street
      Hartford, CT  06103-4302
      Telephone No.: (860) 241-2680
      Facsimile No.:  (860) 522-2796
      tlibrizzi@pepehazard.com

## **CERTIFICATION**

I hereby certify that on January 14, 2008, a copy of the foregoing motion was mailed to all counsel of records as follows:

John J. O'Brien, Jr.
P.O. Box 290942
Wethersfield, CT  06109


By: _____
Thomas G. Librizzi
Fed. Bar No. ct04647
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT  06103
Phone:  (860) 522-5175
Fax:  (860) 522-2796
E-mail:  tlibrizzi@pepehazard.com

9