**1056**            99 FEDERAL SUPPLEMENT, 2d SERIES

**Gee Gee NICK, Plaintiff,**

**v.**

**MORGAN'S FOODS, INC., Defendant.**

**No. 4:98CV786 RWS.**

United States District Court,
E.D. Missouri,
Eastern Division.

June 8, 2000.

Employer moved for reconsideration of court's order sanctioning it for its failure to participate in mediation of employment discrimination claim in good faith. The District Court, Sippel, J., held that employer violated order referring matter to alternative dispute resolution (ADR) by failing to submit the required mediation memorandum and failing to send a corporate representative with authority to settle the case.

Motion denied.

**1. Arbitration ⟷23.30**

District court had both express and inherent power to enforce order referring employment discrimination matter to alternative dispute resolution (ADR).

**2. Federal Civil Procedure ⟷1935.1**

Pursuant to rule granting judge authority to issue sanctions for failure to comply with the court's pretrial orders, district court had authority to impose sanctions for employer's failure to participate in ordered mediation in good faith. Fed. Rules Civ.Proc.Rule 16, 28 U.S.C.A.

**3. Federal Civil Procedure ⟷2757, 2795**

Pursuant to its inherent authority to control litigation, district court had authority to impose sanctions for employer's failure to participate in ordered mediation in good faith.

**4. Federal Civil Procedure ⟷2756.1**

Court's power to impose sanctions extends beyond those enumerated in the Federal Rules of Civil Procedure.

**5. Federal Civil Procedure ⟷2756.1, 2765**

District court has express authority, under the Federal Rules of Civil Procedure and its inherent authority, to impose sanctions when a party violates the Federal Rules of Civil Procedure, the court's local rules, and the court's orders. Fed. Rules Civ.Proc.Rule 83, 28 U.S.C.A.

**6. Arbitration ⟷24**

Good faith participation in alternative dispute resolution (ADR) does not require settlement.

**7. Arbitration ⟷24**

When a party agrees to participate in a mediation process in good faith, court is entitled to rely on that representation; implicit in the concept of good faith participation is the assurance that the parties will participate in alternative dispute resolution (ADR) in accordance with court's order.

**8. Arbitration ⟷24**

Good faith participation in alternative dispute resolution (ADR) required employer to provide mediator with a mediation memorandum; employer's calculated refusal to prepare a mediation memorandum was a direct violation of court's local rules and court's ADR referral order.

**9. Arbitration ⟷24**

Good faith participation in alternative dispute resolution (ADR) required participation of corporate representative of employer with authority to settle employment discrimination claim.

———

Kathleen R. Sherby, Veronica A. Gioia, Timothy C. Mooney, Jr., Bryan Cave LLP, St. Louis, MO, Gee Gee Nick, pro se, St. Louis, MO, Jeremy D. Shook, Gorsuch

Kirgis LLP, Denver, CO, for Gee Gee Nick, plaintiff.

Robert C. Seibel, Seibel and Eckenrode, St. Louis, MO, for Kentucky Fried Chicken, defendant.

Cynthia A. Thomas, Missouri Dept of Social Services, St. Louis, MO, for Missouri Division of Family Services, movant.

### ORDER

SIPPEL, District Judge.

On the Court's own motion, the Memorandum and Order of May 30, 2000 is withdrawn and the attached Memorandum and Order is filed in its stead.

### *MEMORANDUM AND ORDER*

Morgan's Foods, Inc. seeks reconsideration of this Court's order sanctioning it for its failure to participate in mediation in good faith.

In contravention of this Court's Order referring this matter to Alternative Dispute Resolution (ADR), Morgan's Foods failed to submit the required mediation memorandum and failed to send a corporate representative with authority to settle the case to the mediation. Not surprisingly, the mediator was unable to mediate a settlement. After being called upon to explain why it ignored the Court's Order regarding ADR, counsel for Morgan's Foods admitted that his client—on his advice—made a calculated decision to disregard some of the provisions of the ADR Referral Order. Based on Morgan's Foods' failure to comply with key provisions of the ADR Referral Order, the Court concluded that Morgan's Foods failed to participate in mediation in good faith and entered sanctions accordingly. Morgan's Foods now asks the Court to reconsider the imposition of sanctions. Because the Court remains convinced that Morgan's Foods and its counsel did not participate in good faith in the ADR process, its motion for reconsideration will be denied. Moreover, the Court will impose additional sanctions for the frivolous nature of this motion and Morgan's Foods' vexatious multiplication of these proceedings.

### *Background*

Gee Gee Nick filed this lawsuit against Morgan's Foods alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. A scheduling conference pursuant to Federal Rule of Civil Procedure 16 (Rule 16) was held on May 20, 1999. At that time, the parties were asked if they wished to participate in the ADR process pursuant to E.D.Mo.L.R. 6.01 – 6.05. The matter was set for referral to ADR on August 1, 1999. The parties were to complete the ADR process and report back to the Court the results of the mediation by September 30, 1999.

The August 2, 1999 Order of Referral required the ADR process to be conducted in compliance with E.D.Mo.L.R. 6.01 – 6.05. The Order of Referral also specifically required:

(1) *Memoranda:* Not later than seven **(7) days prior** to the initial ADR conference, each party will **provide the neutral with a memorandum** presenting a summary of disputed facts and a narrative discussion of its position relative to both liability and damages. These memoranda shall be treated as **Confidential Communications** and shall not be filed in the public record of the case nor provided to any other party or counsel.

(2) *Identification of Corporate and/or Claims Representatives:* As a part of the written memoranda described in paragraph (1), counsel for corporate parties or insurers shall state the name and general job titles of the employee(s) or agent(s) of the corporation or insurance company who will attend ADR conferences and participate on behalf of the entity.

**1058**            **99 FEDERAL SUPPLEMENT, 2d SERIES**

(3) *Authority of Neutral:* The neutral shall have authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate representatives and claims professionals, to suggest alternatives, analyze issues and positions, question perceptions, stimulate negotiations, and keep order.

(4) *Duty to Attend and Participate:* All parties, counsel of record, and corporate representatives or claims professionals **having authority to settle claims** shall attend all mediation conferences and **participate in good faith.** Early neutral evaluation conferences shall be attended by all counsel of record.

(5) *Compliance with Deadlines:* all deadlines must be complied with in a timely fashion and the appropriate forms filed with the Clerk of the District Court. If a deadline cannot be met, the designated lead counsel shall **file a motion requesting an extension of the deadline** prior to the expiration of that deadline. **Non-compliance of any deadline set herein by this Court may result in the imposition of sanctions to the appropriate party or parties.**

(emphasis added)

Prior to the mediation, counsel for Morgan's Foods indicated to Nick's counsel, but not the Court, that he did not feel that the mediation would be fruitful. Morgan's Foods' only request for relief directed to the Court was a request to hold the ADR conference on October 18, 1999. The Court allowed the parties to delay mediation until that date.

The parties appeared before the Court on another matter on October 15, 1999. At that time, the Court inquired into the parties' preparedness for the upcoming mediation. Counsel for Morgan's Foods assured the Court that his client was prepared to discuss settlement in good faith and that he would have a representative present with authority to settle.

The ADR conference was held on October 18, 1999. Present at the conference was Nick, Nick's court-appointed counsel, counsel for Morgan's Foods, the local regional manager of Morgan's Foods, and the neutral.

Nick provided the required memorandum to the neutral and attended the ADR conference with full authority to settle the case.

Morgan's Foods did not provide the memorandum to the neutral as was required by the Court's Order. Morgan's Foods also failed to have a representative attend the conference who had authority to settle. Morgan's Foods' corporate representative who attended the conference did not have any independent knowledge of the case, nor did she have authority to reconsider Morgan's Foods' position regarding settlement. The limit of Morgan's Foods' regional manager's authority was $500. Negotiation of any settlement amount above $500 had to be handled by Morgan's Foods' general counsel, who was not present at the ADR conference.

Not surprisingly, the ADR conference did not result in a settlement. Nick made an offer of settlement which was rejected without a counteroffer by Morgan's Foods. Nick made another offer to settle the case. Again, this offer was rejected without a counteroffer. The ADR conference was terminated shortly thereafter.

The neutral reported back to the Court after the close of the ADR conference. At that time, the neutral informed the Court of the level of Morgan's Foods' participation in the ADR process. On October 22, 1999, the Court issued an Order directing Morgan's Foods to show cause why it should not be sanctioned for its failure to participate in good faith in the Court ordered ADR process.

Morgan's Foods responded to the Court's Show Cause Order on October 29, 1999. In that response, Morgan's Foods asserted that the August 2, 1999 referral

Order was merely a "guideline" provided to parties suggesting a manner in which they might participate in the ADR process. Morgan's Foods admitted that it made a calculated strategic decision not to comply with the "guideline" because Morgan's Foods felt compliance would be a waste of time.

In the meantime, Nick filed a Motion for Sanctions. Nick requested that Morgan's Foods be sanctioned for failing to participate in the ADR process in good faith. Nick requested an award of the costs and fees of her participation in the failed mediation.

The Court held a hearing on its Show Cause Order and Nick's Motion for Sanctions on December 1, 1999. Counsel for Morgan's Foods appeared at the hearing and reasserted the positions taken in Morgan's Foods' response to the Court's Show Cause Order. Counsel confirmed that the Morgan's Foods' corporate representative had only $500 of authority to settle the case. Counsel further confirmed that any decision to change the company's settlement position had to be made by Morgan's Foods' general counsel who was not present at the ADR conference but was available by telephone. Morgan's Foods' counsel also took full responsibility for the decision not to file the memorandum required by the August 2, 1999 referral order. Morgan's Foods continued to advance its argument that filing the required mediation memorandum would have been a waste of time and money.

After hearing argument by both sides, the Court made its ruling on the record. The Court found that Morgan's Foods failed to participate in good faith in the Court-ordered ADR process and sanctioned Morgan's Foods in an amount to include the total cost of the ADR conference fees and Nick's costs in preparing for and attending the conference. The Court also ordered counsel to obtain a copy of the hearing transcript, provide the transcript to his client, and return a letter to the Court confirming that Morgan's Foods had read the transcript.

Morgan's Foods filed a Motion for Reconsideration and Vacation of the Court's Order Granting Plaintiff's Motion for Sanctions on December 20, 1999. It is that motion for reconsideration which is before the Court.

Morgan's Foods has asked that the sanctions order be reconsidered for the following reasons:

1. This Court lacks the general authority to enter sanctions for a party's failure to comply with a Court Order;

2. The local rules really don't require that a mediation memorandum be prepared;

3. The local rules are merely "guidelines" which do not require compliance;

4. The ADR neutral's repeated request for a mediation memorandum could be ignored because the neutral's request was not a court order;

5. A defendant's verdict at trial would have vindicated their conduct in the ADR process;

6. The Court's order is really just a product of "understandable frustration [by the Court] that cases like this one which the Plaintiff foists upon this Court clog the Court's docket."

*Analysis*

**The District Court Has Both Express and Inherent Power to Enforce The ADR Referral Order**

[1] While the Court's authority to order parties to participate in ADR in good faith and to enforce that order would seem to be beyond question, Morgan's Foods nevertheless doubts the Court's power. To address Morgan's Foods concerns, the Court will review the basis of its authority to order and enforce good faith participation in ADR.

The Court's authority to enforce its orders by imposing sanctions is founded upon the Federal Rules of Civil Procedure

and a district court's inherent authority to manage the progress of litigation.

**The District Court's Authority to Impose Sanctions Pursuant to Rule 16**

[2]   Rule 16 of the Federal Rules of Civil Procedure addresses the use of pretrial conferences to formulate and narrow issues for trial and to discuss means for dispensing with the need for costly and unnecessary litigation.

Pretrial settlement of litigation has been advocated and used as a means to alleviate overcrowded dockets, and courts have practiced numerous and varied types of pretrial settlement techniques for many years. *See, e.g., Manual for Complex Litigation 3d,* §§ 23.1–23.2 (1995); Federal Judicial Center, *ADR and Settlement Programs in the Federal District Courts: A Sourcebook for Judges and Lawyers* (1996); Federal Judicial Center, *"Directions" # 7, Alternative Dispute Resolution Issue,* December 1994; Federal Judicial Center, *Voluntary Arbitration in Eight Federal District Courts: An Evaluation* (1994).

Since 1983, Rule 16 has expressly provided that settlement of a case is one of several subjects which should be pursued and discussed vigorously during pretrial conferences. *G. Heileman Brewing Co. v. Joseph Oat Corporation,* 871 F.2d 648, 651 (7th Cir.1989).

Rule 16 expressly gives the court the authority in its discretion, to order litigants to participate in pretrial proceedings, including hearings to facilitate settlement.

Rule 16 also explicitly addresses a judge's authority to issue sanctions for failure to comply with the court's pretrial orders.

(f) Sanctions. In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 16

**The District Court's Authority to Impose Sanctions Pursuant to Its Inherent Authority to Control Litigation**

[3, 4]   Because Morgan's Foods questions this Court's authority to award sanctions in this case, it is worth noting that the Court's power to impose sanctions extends beyond those enumerated in the Federal Rules of Civil Procedure. *HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Inc.,* 847 F.2d 908, 915 (1st Cir.1988). As the Seventh Circuit observed in its opinion in *G. Heileman Brewing Co.,* the concept that district courts exercise procedural authority outside the explicit language of the rules of civil procedure is not frequently documented, but valid nevertheless. 871 F.2d at 651 (citing, *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.,* 771 F.2d 5, 11 (1st Cir. 1985), *cert. denied,* 475 U.S. 1018, 106 S.Ct. 1204, 89 L.Ed.2d 317 (1986)). The Federal Rules of Civil Procedure are not intended to be the exclusive authority for actions to be taken by district courts . . *Link v. Wabash R.R.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

In *Link,* the Supreme Court noted that a district court's ability to take action in a procedural context may be grounded in " 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.,* at 630–31 (footnotes omitted).

This authority likewise forms the basis for continued development of procedural techniques designed to make the operation of the court more efficient, to preserve the integrity of the judicial process, and to control courts' dockets. Because the rules form and shape certain aspects of a court's inherent pow-

ers, yet allow the continued exercise of that power where discretion should be available, the mere absence of language in the federal rules specifically authorizing or describing a particular judicial procedure should not, and does not, give rise to a negative implication of prohibition.

*Id.* at 629–30, 82 S.Ct. 1386; *see also,* Fed.R.Civ.P. 83.

The Supreme Court has long held that "the inherent powers of federal courts are those which 'are necessary to the exercise of all others.'" *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (quoting *United States v. Hudson & Goodwin,* 7 Cranch 32, 34, 11 U.S. 32, 3 L.Ed. 259 (1812)). *See Newman–Green, Inc. v. Alfonzo–Larrain R.,* 854 F.2d 916, 921–22 (7th Cir.1988) (en banc) (court discussing examples of specific procedures, such as the power to punish for contempt, power to sanction persons who file frivolous pleadings, power to determine whether there is jurisdiction; *Strandell v. Jackson County,* 838 F.2d 884, 886 (7th Cir.1987); *Thompson v. Housing Auth. of Los Angeles,* 782 F.2d 829, 831 (9th Cir.), *cert. denied,* 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986); *Halaco Eng'g Co. v. Costle,* 843 F.2d 376, 380 (9th Cir.1988) (court stating that the Supreme Court has recognized that a district court has inherent authority to impose sanctions for discovery abuses which may not be a technical violation of discovery rules).

[5] The foregoing cases clearly establish that a district court has express authority, under the Federal Rules of Civil Procedure and its inherent authority, to impose sanctions when a party violates the Federal Rules of Civil Procedure, the court's local rules, and the court's orders.

### Good Faith Participation in ADR Does Not Require Settlement

[6] The Court understands that ADR conferences and settlement negotiations can fail to achieve the settlement of a case for many reasons. The Federal Rules of Civil Procedure, this court's local rules and the specific court order in this case referring the case to ADR do not mandate settlement. Good faith participation in ADR does not require settlement. In fact, an ADR conference conducted in good faith can be helpful even if settlement is not reached. On the other hand, the rules and orders governing ADR are designed to prevent abuse of the opponent, which can and does occur when one side does not participate in good faith.

[7] When a party agrees to participate in a mediation process in good faith, the Court is entitled to rely on that representation. Implicit in the concept of good faith participation is the assurance that the parties will participate in ADR in accordance with the Court's order. *Raad v. Wal–Mart Stores, Inc.,* 1998 WL 272879, at *6 (D.Neb. May 6, 1998).

### Good Faith Participation in ADR Includes Providing the Neutral With a Mediation Memorandum

[8] This Court's referral order required preparation of a memorandum seven days in advance of the ADR conference. The memorandum was required to contain:

a. A summary of the disputed facts;

b. A discussion of the party's position on liability and damages;

c. The name and general job title of the employee of the corporation who will attend and participate at the ADR conference. Failure to provide the information required in the memorandum undermines the ADR process.

Morgan's Foods has made it clear that it considered the memorandum requirement a waste of time. Morgan's Foods is right that its failure to prepare the required memorandum wasted valuable time. Unfortunately for Morgan's Foods, it is right for all of the wrong reasons. Morgan's Foods' failure to prepare the memorandum was a waste of plaintiff's time, plaintiff's

**1062**          **99 FEDERAL SUPPLEMENT, 2d SERIES**

counsels' time, the neutral's time and the Court's time.

Morgan's Foods' contention that a mediation memorandum is a waste of time is simply wrong. The memorandum would have permitted the neutral to prepare for the ADR conference. At a minimum the memorandum might have alerted the neutral that Morgan's Foods' corporate representative was not an appropriate participant in the ADR conference. It is even possible that Morgan's Foods' memorandum would have compelled the neutral to delay or even cancel the conference.

Morgan's Foods' calculated refusal to prepare a mediation memorandum was a direct violation of the Court's local rules and the Court's ADR Referral Order.

### Good Faith Participation in ADR Requires the Participation of A Corporate Representative With Authority to Settle

[9] Morgans' Foods also violated the Referral Order by failing to have an appropriate corporate representative attend the mediation.

The August 2, 1999 Referral Order specifically required attendance of a "corporate representative ... having authority to settle claims." Presence of the corporate representative is the cornerstone of good faith participation.

The authority of a district court to require a duly-empowered corporate officer to attend a settlement conference is well settled. *Universal Cooperatives v. Tribal Co–Operative Marketing Development Federation of India, Ltd.,* 45 F.3d 1194, 1196 (8th Cir.1995) (citing *G. Heileman Brewing Co., Inc. v. Joseph Oat Co.,* 871 F.2d 648, 655 (7th Cir.1989)); *see also, In re LaMarre,* 494 F.2d 753, 756 (6th Cir. 1974) (court stating that it is well within the scope of a district court's authority to compel the appearance of a party's insurer at a pretrial conference and to enforce the order).

At the risk of restating the obvious, the Court will review why attendance of a corporate representative with settlement authority is so important.

During the ADR conference, all parties have the opportunity to argue their respective positions. In the Court's experience, this is often the first time that parties, especially corporate representatives, hear about the difficulties they will face at trial. As a practical matter this may also be the first time that firmly held positions may be open to change. For ADR to work, the corporate representative must have the authority and discretion to change her opinion in light of the statements and arguments made by the neutral and opposing party.

Meaningful negotiations cannot occur if the only person with authority to actually change their mind and negotiate is not present. Availability by telephone is insufficient because the absent decision-maker does not have the full benefit of the ADR proceedings, the opposing party's arguments, and the neutral's input. The absent decision-maker needs to be present and hear first hand the good facts *and* the bad facts about their case. Instead, the absent decision-maker learns only what his or her attorney chooses to relate over the phone. This can be expected to be largely a recitation of what has been conveyed in previous discussions. Even when the attorney attempts to summarize the strengths of the other side's position, there are problems. First, the attorney has a credibility problem: the absent decision-maker wants to know why the attorney's confident opinion expressed earlier has now eroded. Second, the new information most likely is too much to absorb and analyze in a matter of minutes. Under this dynamic it becomes all too easy for the absent decision-maker to reject the attorney's new advice, reject the new information, and reject any effort to engage in meaningful negotiations. It is quite likely that the telephone call is viewed as a distraction from other business being conducted by the absent decision-maker. In that case the absent decision-maker will be preoccupied with some

NICK v. MORGAN'S FOODS, INC.     **1063**
Cite as 99 F.Supp.2d 1056 (E.D.Mo. 2000)

other matter demanding her attention at the time she is asked to evaluate new information in a telephone call. Confronted with distractions and inadequate time to evaluate the new information meaningfully, the absent decision-maker's easiest decision is to summarily reject any offer and get back to the business on her desk. Even a conscientious decision-maker cannot absorb the full impact of the ADR conference when they are not present for the discussion. The absent decision-maker cannot participate in good faith in the ADR conference without being present for the conference.

Unfortunately, as discussed in *Dvorak v. Shibata*, 123 F.R.D. 608 (D.Neb.1988) occasionally parties may use the absence of the decision-maker as a weapon. Such parties "feign a good faith settlement posture by those in attendance at the conference, relying on the absent decision-maker to refuse to agree," thereby taking advantage of their opponent. *Id.*, at 610.

In such cases the offending party is able to "gain information about [its] opponent's case, strategy, and settlement posture without sharing any of its own information." *Raad*, 1998 WL 272879, at \*5 Instead of a negotiation session, the mediation becomes a stealth discovery session, to the unfair benefit of the party whose decision-maker is not in attendance. When that happens, the Court's referral to mediation has been callously misused. "Meanwhile, the opposing side has spent money and time preparing for a good-faith, candid discussion toward settlement. If the other party does not reciprocate, most if not all of that money and time has been wasted." *Id.*

In sum, when a corporate representative with the authority to reconsider that party's settlement position is not present, the whole purpose of the mediation is lost, and the result is an even greater expenditure of the parties' resources, both time and money, for nothing.

**Conclusion**

Morgan's Foods did not participate in good faith in the ADR process. The absence of good faith is evidenced not by the parties failure to reach settlement, but by Morgan's Foods' failure to comply with the Court's August 2, 1999 Referral Order. Morgan's Foods' failure to participate in the ADR process in good faith would not be vindicated by a defendant's verdict at trial. Whether the parties participated in good faith in the ADR process is measured by their actual conduct at the mediation, not by the hypothetical result of a subsequent trial.

Morgan's Foods' lack of good faith participation in the ADR process was calculated to save Morgan's Foods a few hours of time in preparing the mediation memorandum and to save its general counsel the expense and inconvenience of a trip to attend the mediation. The consequence of Morgan's Foods' lack of good faith participation in the ADR process, however, was the wasted expense of time and energy of the Court, the neutral, Nick, and her court-appointed counsel.

If Morgan's Foods did not feel that ADR could be fruitful and had no intention of participating in good faith, it had a duty to report its position to the Court and to request appropriate relief. Morgan's Foods did not do so and sanctions are appropriate to remedy the resulting waste of time and money.

As a final thought, I feel compelled to address Morgan's Foods' suggestion that the sanction order was the result of "understandable frustration that cases like the one Plaintiff foists upon this Court clog the Court's docket." Morgan's Foods suggests that my actions were motivated by frustration stemming from frivolous allegations in Nick's Complaint.

Morgan's Foods is well aware that each United States District Judge takes an oath to "administer justice without respect to persons, and do equal right to the poor and to the rich . . . and [to] faithfully and

impartially discharge and perform all duties . . . under the Constitution and laws of the United States." 28 U.S.C. § 453. That knowledge alone should have prevented Morgan's Foods from suggesting that the sanction order was merely the result of some misplaced temper tantrum. It should go without saying that this Court does not believe that allegations of sexual harassment on the job are frivolous.

It is unfortunate that when confronted with its willful violation of the Court's Order, Morgan's Foods refused to acknowledge the failings of its own behavior and instead attacked the Court. Admittedly the Court felt frustration at the way this case was handled, but that frustration stemmed completely from Morgan's Foods' flagrant and willful disregard of the Court's August 2, 1999 Order referring the matter to ADR.

Many of the arguments advanced by Morgan's Foods' motion are frivolous accomplishing nothing but increasing the cost of litigation. The Court therefore will impose additional sanctions to reflect the frivolous nature of this motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Morgan's Foods' Motion for Reconsideration [Doc. # 71] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Morgan's Foods shall pay $1,390.63 to counsel for plaintiff as sanctions in this matter. Defendant's counsel shall pay $1,390.62 to counsel for plaintiff as sanctions in this matter. That amount includes $1,045.00 in attorney's fees for preparing and attending the mediation in this case, the $506.25 fee paid to the neutral for the cost of the ADR conference, and $1,230.00 in attorney's fees for preparing and arguing the motion for sanctions regarding Morgan's Foods' participation in the mediation.

**IT IS FURTHER ORDERED** that Defendant Morgan's Foods shall pay $30.00 to Plaintiff Gee Gee Nick for the costs she incurred in attending the mediation of this

case. Defendant's counsel shall also pay $30.00 to Plaintiff Gee Gee Nick for the costs she incurred in attending the mediation of this case.

**IT IS FURTHER ORDERED** that Defendant Morgan's Foods shall pay $1,500.00 to the Clerk of the United States District Court, Eastern District of Missouri as sanctions in this matter. That amount reflects the savings realized by Morgan's Foods' by virtue of its failure to prepare the required mediation memorandum and its decision not to send Morgan's Foods' general counsel to attend the ADR conference. Defendant Morgan's Foods and its counsel shall each pay $1,250.00 to the Clerk of the United States District Court, Eastern District of Missouri as a sanction for vexatiously increasing the costs of this litigation by filing a frivolous Motion for Reconsideration which further demonstrated the lack of good faith in Morgan's Foods conduct in this case.



Charles **CLARK**, Sr., et al., Plaintiffs,

v.

**CITY OF KANSAS CITY, MISSOURI,**
**Defendant.**

**No. 00–0097–CV–W–3.**

United States District Court,
W.D. Missouri.

May 16, 2000.

Survivors of individuals killed during flood brought state-court action against city. After survivors amended complaint to raise § 1983 claims in connection with alleged failure to maintain and staff adequately city's flood alert system, city removed action and moved to dismiss federal